IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANDREW THOMAS POTTER                                            PLAINTIFF
ADC #181482

V.                    NO. 3:25-cv-217-DPM-ERE

CHRISTOPHER BUDNIK, *et al.*                                    DEFENDANTS

### RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact.

**II.   Background:**

*Pro se* plaintiff Andrew Thomas Potter, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Potter's complaint alleges that: (1) on August 16, 2025, Defendants Rickey Herring and Corporal Cole Pillow failed to place a shower mat inside Mr. Potter's shower causing Mr. Potter to slip and fall; and (2) on September 7, 2025, while Sergeant Cynthia Allison stood at his cell door, unidentified ADC officers failed to properly

apply his leg restraints causing him to slip and fall.[1] As a result of these incidents, Mr. Potter alleges that he continues to suffer pain. He sues Warden Christopher Budnik, Sergeant Rickey Herring, Corporal Cole Pillow, and Sergeant Cynthia Allison in both their official and personal capacities seeking monetary damages.

For the reasons explained below, Mr. Potter's complaint should be dismissed for failure to state a plausible constitutional claim for relief.

### III. Discussion:

####   A.    Screening

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] In his complaint, Mr. Potter explains that, after the September 7, 2025 incident, he requested that medical staff be contacted, but acknowledges that ADC officials promptly notified medical staff to conduct an evaluation. As a result, Mr. Potter does not appear to assert any medical deliberate indifference claim against any named Defendant in his complaint.

B.   **Negligent Conduct**

At most, Mr. Potter alleges facts that rise to the level of negligence, which is not actionable under 42 U.S.C. § 1983. A § 1983 action must be premised upon a violation of the United States Constitution or a federal statute. See *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (explaining that deliberate indifference is more than negligence or gross negligence and requires culpability akin to criminal recklessness).[2]

Mr. Potter's complaint alleges facts that support a claim for negligence, but none to support a claim for a violation of federal law. As a result, the complaint fails to state a plausible constitutional claim for relief.[3]

---

[2] See also *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim); *Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999) (affirming dismissal of inmate's slip and fall claim, which amounted to no more than negligence); *Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (slip and fall in water on the bathroom floor at the Cummins Unit is a claim of negligence which is not actionable under the Fourteenth or Eighth Amendment); *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (holding that "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law," and "the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards"); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, '[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment .... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles'"); *Jorsch v. Faulkner Cnty. Det. Ctr.*, 2021 WL 537251, at *2 (E.D. Ark. Feb. 1, 2021), report and recommendation adopted, 2021 WL 537235 (E.D. Ark. Feb. 12, 2021) (dismissing claim that plaintiff "slipped and fell because there were no wet floor signs," for failure to state a plausible § 1983 claim, because it alleged, "at most, ... a state law cause of action for negligence").

[3] Mr. Potter is free to pursue state law claims of negligence in an Arkansas state

3

### C.   Violation of Detention Center Policy

To the extent that Mr. Potter alleges that his constitutional rights were violated by any Defendant's failure to follow ADC procedures, this claim also fails. The law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### D.   Defendant Warden Budnik

Mr. Potter's complaint fails to allege facts to show how Defendant Budnik personally participated in any unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

The law is well-settled that an official's supervisory role does not make him legally responsible for the unconstitutional conduct of the employees he supervises.

---

court. His pleading does not clearly indicate an intent to also bring a state law claim for negligence in this action. However, since his federal claims are being dismissed, the Court should decline to exercise jurisdiction over any supplemental state law claims that Mr. Potter intended to bring. See 28 U.S.C. § 1367(c)(3) (a court may "decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction."); *Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998) (holding district court, which had dismissed federal claims on which original jurisdiction was based, did not abuse its discretion in declining to exercise supplemental jurisdiction over pendent state law claim).

See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Saylor v. Nebraska*, 812 F3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

Mr. Potter's complaint fails to allege facts to support a plausible constitutional claim for relief against Defendant Budnik.

E.   **Exhaustion**

Finally, the Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").Thus, the PLRA required Mr. Potter to satisfy the ADC's requirements for raising and administratively exhausting his claims bringing this action.

While failure to exhaust is an affirmative defense that "inmates are not required to specially plead or demonstrate" in their complaints, a court may dismiss a prisoner's § 1983 complaint when it is apparent from the face of the complaint that the proposed claim has not been exhausted. See *Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (an affirmative defense can be a ground for a dismissal for failure to state a claim when the allegations in the complaint sufficiently establish that ground); *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005) (dismissal for failure to exhaust inappropriate unless the failure is apparent on face of complaint); and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.")

Mr. Potter, on his form § 1983 complaint, checked "No" in response to whether he completely exhausted any grievance filed regarding the facts alleged in the complaint by appealing to all levels within the grievance procedure. *Doc. 2 at 4*.

He explains, "I went all the way to the second step and didn't know how to go Step 3 till after it was too late. But I did do the necessary steps." *Id*. Mr. Potter does not allege that the administrative remedy procedure was unavailable to him or that he was prevented from using any such procedure. The law is well-settled that an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

On the face of Mr. Potter's complaint, he acknowledges he failed to fully exhaust his administrative remedies related the claims asserted in this case *before* filing this lawsuit. As a result, his claims are also subject to dismissal for failure to exhaust his administrative remedies.

### IV. <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Potter's complaint be DISMISSED, without prejudice, for failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.   In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 22 October 2025.

_____
UNITED STATES MAGISTRATE JUDGE